

FILED
MAR 25 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDERICK J. SMITH, JR.,

    Petitioner,

v.                              Civil Action No. 3:12CV148
                              Civil Action No. 3:15CV182

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Final Order entered on March 8, 2013, the Court found Frederick J. Smith, Jr.'s 28 U.S.C. § 2254 petition barred by the one-year statute of limitations and dismissed the action. Smith v. Virginia, 3:12CV148, 2013 WL 871519, at *5-6 (E.D. Va. Mar. 8, 2013). By Memorandum Opinion and Order entered June 3, 2013, the Court denied Smith's Fed. R. Civ. P. 59(e) Motion. (ECF No. 35-36.) By Memorandum Opinion and Order entered August 26, 2014, the Court denied Smith's Fed. R. 60(b)(6) Motion. (ECF Nos. 49-50). Smith has now filed a "MOTION FOR RECONSIDERATION" pursuant to Fed. R. Civ. P. 59(e) of the Court's denial of his Rule 60(b)(6) Motion. ("Second Rule 59(e) Motion," ECF No. 51.) Despite Smith's labeling of his motion as one brought pursuant to Rule 59(e), Smith continues to attack his state conviction. As explained below,

Smith's Second Rule 59(e) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Accordingly, "district courts must treat [motions directly attacking convictions and sentences] as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. (quoting

2

Calderon v. Thompson, 523 U.S. 538, 553 (1998)); see Williams v. United States, Nos. 1:09cr414, 1:14cv363, 1:14cv460, 2015 WL 965842, at *2 (E.D. Va. Mar. 4, 2015) (explaining that courts "have applied Winestock's 'straightforward guide' to determine that a Rule 59(e)" is a successive petition).

In his Second Rule 59(e) Motion, Smith argues that he is "factually innocent of the underlying State convictions." (Second Rule 59(e) Mot. 2.)  Smith then provides rambling reasons why the Court erred in dismissing his § 2254 petition citing the standard of review for such habeas petitions, his innocence to excuse a procedural default, counsel's deficiency, the Court's failure to correct "cumulative violations of the U.S. Constitution."  (Id.)  Smith again attacks his conviction and errors occurring during his state trial.  See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of a "claim" for relief from the criminal judgment, regardless of the title on the motion).  Accordingly, the Clerk will be directed to file the Second Rule 59(e) Motion as a successive § 2254 Petition.  The Court has not received authorization from the Fourth Circuit to hear Smith's successive § 2254 Petition. Thus, the § 2254 Petition (ECF No. 51) will be dismissed for want of jurisdiction.

Even if Smith's motion was not considered a successive § 2254 Petition, the Court would deny the motion under the Rule 59(e) standard. The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Smith fails to demonstrate any basis for granting relief under the above three grounds.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

4

Smith fails to meet this standard. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith.

And it is so ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 24, 2005
Richmond, Virginia

5